**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SUSAN H. ABELES<br>8811 Colesville Road, Apt 524<br>Silver Spring, MD 20910<br><br>*Plaintiff,*<br>v.<br><br>METROPOLITAN WASHINGTON<br>AIRPORTS AUTHORITY<br>1 Aviation Circle<br>Washington, DC 20001-6000<br>(703) 417-8600<br><br>VALERIE O'HARA<br>1 Aviation Circle<br>Washington, DC 20001-6000<br><br>JULIA HODGE<br>1 Aviation Circle<br>Washington, DC 20001-6000<br><br>*Defendants.* | ) | Case No. _______ |

**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTION, AND DAMAGES**

Plaintiff brings this action for violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e(j), the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb-1, *et seq.*, and 42 U.S.C. § 1983 by the discriminatory and arbitrary conduct of the Defendant and its employees in classifying the Plaintiff as "AWOL" and suspending the Plaintiff because she requested leave to observe the Jewish holiday of Passover after she provided advance notice that she would be absent to observe the religious holiday. As a result of the unjustified "AWOL" classification and suspension, Plaintiff was coerced to retire. Plaintiff is entitled to an order reinstating her, vacating her coerced retirement, and compensating her for all financial damages

and for the humiliation, stress, pain, and embarrassment she suffered as a result of the unlawful conduct of the Defendant and its employees.

**PARTIES**

1. Plaintiff is a resident of Silver Spring, Maryland, who was an employee of the Metropolitan Washington Airports Authority ("MWAA") and its predecessor in interest between February 1987 and her coerced retirement on May 31, 2013.

2. The Metropolitan Washington Airports Authority ("MWAA") is a legal entity created initially under Virginia law (Va. Code § 5.1-153) and assigned authority over two airports by the Metropolitan Washington Airports Act of 1986, P.L. 99-500. The MWAA is governed by a 17-member Board of Directors, with members appointed by the Governors of Virginia and Maryland, the Mayor of the District of Columbia, and the President of the United States.

3. The MWAA operates a two-airport system that provides domestic and international air service for the mid-Atlantic region. The MWAA employs more than 1,400 employees in a structure that includes central administration, airports management and operations, and police and fire departments. The corporate offices of the MWAA are located at 1 Aviation Circle, Washington, DC 20001-6000.

4. The MWAA is subject to the legal duties imposed by the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb-1, *et seq.* and by Virginia law protecting religious exercise. Official action taken by employees of the MWAA is action taken under color of Virginia law.

5. In April and May 2013, Defendant Valerie O'Hara was Debt Manager in the Department of Internal Controls, Compliance and Strategy of MWAA. Defendant O'Hara was Plaintiff's first-level supervisor.

6. In April and May 2013, Julia Hodge was Manager of the Department of Internal Controls, Compliance and Strategy of MWAA. Defendant Hodge was Plaintiff's second-level supervisor.

**JURISDICTION**

7. This Court has subject-matter jurisdiction of this case under 28 U.S.C. §§ 1331, 1343(4) and 42 U.S.C. § 1983.

**VENUE**

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

9. Plaintiff is an Orthodox Jew and follows the observances of the Orthodox Jewish faith.

10. In 2013 Plaintiff was employed by MWAA as an Air Traffic Data Technician.

11. The eight-day Jewish holiday of Passover was observed in 2013 between March 26 and April 2, 2013. Holy days on which weekday labor is forbidden are the first, second, seventh, and eighth days of the Passover Holiday. Holiday observances begin at sundown on the night before the holy day.

12. Since she began working for MWAA in 1987 Plaintiff requested and received each year approved leave for the observances of the Holy Days of Passover.

13. On or about January 28, 2013, at the request of Defendant Hodge, Plaintiff advised her superiors -- Defendants Julia Hodge and Valerie O'Hara -- through the "MA-26 Leave Calendar" of the dates of Jewish Holy Days when she would be unable, on account of her religious observance, to appear for work in the office.

14. Plaintiff included among the dates specified on the "MA-26 Leave Calendar" the seventh and eighth days of Passover, which were Monday, April 1, 2013, and Tuesday, April 2, 2013.

15. On March 29, 2013, at 11:59 am, Plaintiff sent an e-mail reminder to her supervisors Defendants Hodge and O'Hara that she would not be in the office between April 1 and April 3.

16. At 12:05 pm on March 29, 2013, Defendant Julia Hodge sent the following e-mail to the Plaintiff: "Susan, What is the nature of this leave request? Thanks, Julia."

17. At 12:11 pm on March 29, 2013, Plaintiff replied as follows to Defendant Hodge's e-mail: "This is a reminder of my scheduled leave for Passover."

18. At 12:16 pm on March 29, 2013, Defendant Hodge replied to the Plaintiff with the following e-mail: "Thanks. Please see my note about providing us a status update before you leave today."

19. Copies of the e-mails described in Paragraphs 12 through 15 were sent to Defendant O'Hara who was the Plaintiff's first-level supervisor.

20. Pursuant to the notification in January 2013 and the e-mail exchanges of March 29, 2013, Plaintiff observed the seventh and eighth days of Passover, which were April 1 and 2, 2013, and did not report for work on those days.

21. In an e-mail dated April 3, 2013, at 6:57 am, Defendant O'Hara notified the Plaintiff that her absence on April 1 and 2 "was not pre-approved by me or Julia." She added: "As a matter of process, the MA-26 Leave Calendar is for the Manager's resource planning not pre-approving leave. Sending a meeting request on a day that I'm on leave to request leave for the following two days is unacceptable." In the same e-mail Defendant O'Hara approved a

telephoned request by the Plaintiff for annual leave on April 3, 2013, because of the death of an uncle.

22. Defendant O'Hara thereafter revised Plaintiff's Timecard and substituted "AW" (representing "Absent Without Leave") for "AL" (representing "Annual Leave").

23. On May 6, 2013, Defendant Hodge imposed a 5-day suspension on Plaintiff for (a) being absent without leave and (b) failing to follow leave protocol. On information and belief, the suspension was approved by Andrew Rountree, Vice President of Finance and Chief Financial Officer of MWAA.

24. Because she was penalized for taking off on a well-known Jewish religious holiday for which she had provided ample advance notification, Plaintiff retired involuntarily rather than suffer additional discrimination on account of her religious faith. In order to avoid further harassment from her superiors, Plaintiff took early retirement on May 31, 2013.

25. On September 17, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging the facts stated in Paragraphs 9 through 24 of this Complaint, and submitted additional evidence.

26. On February 7, 2015, Plaintiff received a "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission. The EEOC stated: "[T]he EEOC is unable to conclude that the information obtained establishes violations of the statutes." This action is brought within 90 days of receipt of the EEOC notice.

**FIRST CLAIM – EMPLOYMENT DISCRIMINATION**
**(42 U.S.C. § 2000e-5)**

27. The Defendant's "AWOL" classification and 5-day suspension of Plaintiff because she was unable to report for work on the last two days of Passover was unlawful discrimination

on account of her religion in violation of Title VII of the Civil Rights Act, as amended. 42 U.S.C. § 2000e(j).

28. Because of the unjustified "AWOL" classification and the 5-day suspension, and the Defendant's refusal to acknowledge her religious observance, Plaintiff was coerced to choose early retirement rather than remain in employment where she would be directed to violate her religious beliefs.

**SECOND CLAIM – DEPRIVATION OF CIVIL RIGHTS**
**(42 U.S.C. § 1983)**

29. Plaintiff was employed by "a public body" that is a quasi-governmental agency which is under the direction of a board consisting of appointees of the Governors of Virginia and Maryland, the Mayor of the District of Columbia, and the President of the United States.

30. Actions taken by officers and employees of the MWAA are taken "under color of" Virginia law.

31. Plaintiff was classified "AWOL" and suspended after she had notified her superiors in January 2013 and reminded them again in March 2013 that April 1 and 2 were the Jewish holiday of Passover when she would be unable to report for work, and her absence was authorized by the federal Civil Rights Act. This "AWOL" classification and 5-day suspension following actual and formal notification by the Plaintiff, taken under color of Virginia law, deprived the Plaintiff of her salary and ultimately of her employment without due process of law.

**THIRD CLAIM – RELIGIOUS FREEDOM RESTORATION ACT**
**(42 U.S.C. § 2000bb)**

32. Defendant MWAA is a government agency covered by 42 U.S.C. § 2000bb-2(1).

33. Plaintiff's exercise of her Orthodox Jewish religion was substantially burdened by her supervisors' classification of her absence for the Passover holiday as "AWOL" and her

suspension for 5 days because of her absence from work at MWAA on April 1 and April 2, 2013, which were known by her supervisors to be the seventh and eighth days of Passover.

34. There was no compelling governmental interest justifying the classification of Plaintiff as "AWOL" and her 5-day suspension.

35. The classification of Plaintiff as "AWOL" and her 5-day suspension were not the least restrictive means of furthering any compelling governmental interest.

**FOURTH CLAIM – VIRGINIA RELIGIOUS FREEDOM**
**(Va. Code Ann. § 57-2.02)**

36. Defendant MWAA is a "government entity" covered by Va. Code Ann. § 57-2.02(A).

37. Plaintiff's exercise of her Orthodox Jewish religion was substantially burdened by her supervisors' classification of her absence for the Passover holiday as "AWOL" and her suspension for 5 days because of her absence from work at MWAA on April 1 and April 2, 2013, which were know by her supervisors to be the seventh and eighth days of Passover.

38. There was no compelling governmental interest justifying the classification of Plaintiff as "AWOL" and her 5-day suspension.

39. The classification of Plaintiff as "AWOL" and her 5-day suspension were not the least restrictive means of furthering any compelling governmental interest.

**REQUESTED RELIEF**

40. This Court should enter a declaratory judgment and injunction against the MWAA

(a) declaring that the "AWOL" classification for Plaintiff's absences on April 1 and 2, 2013, is invalid;

(b) revoking and invalidating the 5-day suspension imposed on the Plaintiff;

(c) restoring the Plaintiff, if she so chooses, to the full employment that she had at the MWAA as of March 29, 2013; and

(d) removing from the Plaintiff's personnel folder and employment history all reference to her absences on April 1 and 2, 2013, and all references to any action that was taken as a result of those absences.

41. This Court should award monetary damages to the Plaintiff against the Defendants for

(a) loss of pay suffered by the Plaintiff as a result of the "AWOL" classification and the 5-day suspension;

(b) the reduction in Plaintiff's monthly pension resulting from her coerced early retirement;

(c) Plaintiff's humiliation, pain, and suffering resulting from the unlawful conduct of the Defendants.

42. This Court should direct the Defendants to pay reasonable attorneys' fees and costs for the initiation and prosecution of this lawsuit.

43. The Court should award such further additional relief to the Plaintiff as it deems proper.

Dated: May 5, 2015

s/Nathan Lewin

__________________________

NATHAN LEWIN
ALYZA D. LEWIN
LEWIN & LEWIN, LLP
888 17th Street NW, 4th Floor
Washington, DC 20006
(202) 828-1000
nat@lewinlewin.com

*Attorneys for Plaintiff*

**PLAINTIFF DEMANDS TRIAL BY JURY**